**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| KANSAS NATURAL RESOURCE COALITION, et al., | ) | |
| | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | No. 6:23-CV-01147 |
| v. | ) | |
| | ) | |
| UNITED STATES FISH AND WILDLIFE SERVICE, et al., | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

_____

<u>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' PETITION FOR REVIEW
AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**</u>

  Federal Defendants, the United States Fish and Wildlife Service ("FWS"); the United

States Department of the Interior; Debra Haaland, in her official capacity as Secretary of the

Interior; and Martha Williams, in her official capacity as Director of the FWS (collectively,

"Federal Defendants") by and through the undersigned attorney of record, answer all claims and

allegations raised against them in the Petition for Review and Complaint for Declaratory and

Injunctive Relief ("Complaint") of Kansas Natural Resource Coalition; Cameron Edwards; Lone

Butte Farm, LLC; Schilling Land, LLC; and JDC Farms, Inc. (collectively, "Plaintiffs"), filed in

Case No. 6:23-cv-01147 (D. Kan.). The numbered paragraphs of this Answer correspond to the

numbered paragraphs in the Complaint. All allegations of the Complaint that are not specifically

admitted, denied, or qualified are hereby expressly denied. In response to the like-numbered

paragraphs in Plaintiffs' Complaint, Federal Defendants hereby state and aver as follows:

1.       The allegations in Paragraph 1 consist of characterizations of Plaintiffs' suit, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

2.       Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 2 and deny them on that basis.

3.       Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 3 and deny them on that basis. The allegations in the second sentence of Paragraph 3 are too vague and ambiguous to permit a response. To the extent a response is required, Federal Defendants deny the allegations.

4.       The allegations in Paragraph 4 are vague and ambiguous; contain unsupported speculation; and purport to characterize implementing regulations of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq*., which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the regulations.

5.       Federal Defendants admit the allegation in Paragraph 5 that on November 25, 2022, FWS issued a final rule pursuant to Section 4(d) of the ESA published at 87 Fed. Reg. 72674, 72748 titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment" ("4(d) Rule"). Federal Defendants deny the remaining allegations in Paragraph 5.

6.       The allegations in the first and second sentences of Paragraph 6 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or

context of the 4(d) Rule. Additionally, the allegations in the second sentence of Paragraph 6 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

7.    Federal Defendants deny the allegations in Paragraph 7.

8.    The allegations in Paragraph 8 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

9.    The allegations in Paragraph 9 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

10.    Regarding the allegations in the first and third sentences of Paragraph 10, Federal Defendants admit that Plaintiffs provided Secretary Debra Haaland and Director Martha Williams a letter styled as a notice of intent to sue dated April 12, 2023, and aver that Federal Defendants replied to that letter on May 18, 2023. The remaining allegations in the first sentence of Paragraph 10 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute. The allegations in the fourth sentence of Paragraph 10 purport to characterize FWS's response to Plaintiffs' letter styled as a notice of intent to sue, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the FWS response. The allegations in the second and fifth sentences of Paragraph 10 purport to characterize Exhibits 1 and 2, which speak for themselves and require no response. To the extent a response is required, Federal Defendants deny the allegations.

11.    The allegations in Paragraph 11 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

12.     The allegations in Paragraph 12 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

13.     The allegations in Paragraph 13 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

14.     The allegations in Paragraph 14 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

15.     The allegations in Paragraph 15 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants further aver that the venue for this proceeding should be the United States District Court for the Western District of Texas. *See* Defs.' Partly Unopposed and Partly Opposed Mot. To Transfer Venue Or, In The Alternative, To Stay Proceedings, ECF No. 9.

16.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 16 and footnote 1 included therein and deny them on that basis.

17.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 17 and deny them on that basis.

18.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 18 and deny them on that basis.

19.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 19 and deny them on that basis. The allegations in the third sentence of Paragraph 19 also purport to characterize a 2020 legal decision by the United States Court of Appeals for the Tenth Circuit, which speaks for itself and provides the

best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of that decision.

20.     Federal Defendants deny the allegations in Paragraph 20.

21.     The allegations in the first sentence of Paragraph 21 consist of characterizations of Plaintiffs' suit, which require no response. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the second and third sentences of Paragraph 21 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

22.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first and second sentences of Paragraph 22 and deny them on that basis. The allegations in the third sentence of Paragraph 22 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 22 are vague and ambiguous, contain unsupported speculation, and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

23.     The allegations in Paragraph 23 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

24.     The allegations in Paragraph 24 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents, and contain unsupported speculation that requires no response. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

25.     The allegations in Paragraph 25 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

26.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 26 concerning the population of Plaintiff KNRC's member counties and deny them on that basis. The remaining allegations in Paragraph 26 purport to characterize the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601 *et seq.*, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

27.     The allegations in Paragraph 27 and footnote 2 included therein purport to characterize public comments, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of these documents.

28.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 28 and deny them on that basis.

29.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 29 and deny them on that basis.

30.     The allegations in the first sentence of Paragraph 30 are too vague and ambiguous to permit a response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the allegations in the second sentence of Paragraph 30 concerning the location and quality of the land on the Edwards family's property and deny them on that basis. The remaining allegations in Paragraph 30 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

31.     The allegations in the first sentence of Paragraph 31 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 31 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

32.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 32 and deny them on that basis. The allegations in the second sentence of Paragraph 32 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 32 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

33.     The allegations in the first sentence of Paragraph 33 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 33 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

34.     The allegations in Paragraph 34 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

35.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 35 and deny them on that basis.

36.     The allegations in Paragraph 36 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

37.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 37 and deny them on that basis. The remaining allegations in Paragraph 37 purport to characterize the RFA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and regulations.

38.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 38 and deny them on that basis.

39.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 39 and deny them on that basis.

40.     The allegations in the first sentence of Paragraph 40 are too vague and ambiguous to permit a response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the allegations in the second sentence of Paragraph 40 concerning the location and quality of the land on the Schillings' property and deny them on that basis. The remaining allegations in Paragraph 40 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

41.     The allegations in the first sentence of Paragraph 41 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal

Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The allegations in the second sentence of Paragraph 41 contain unsupported speculation that requires no response. To the extent a response is required, Federal Defendants deny the allegations. Moreover, Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the second sentence of Paragraph 41 and deny them on that basis.

42.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first and second sentences of Paragraph 42 and deny them on that basis. The allegations in the third sentence of Paragraph 42 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 42 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

43.     The allegations in the first sentence of Paragraph 43 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 43 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

44.     Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in Paragraph 44 and deny them on that basis.

45. The allegations in Paragraph 45 contain unsupported speculation and state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

46. The allegations in Paragraph 46 state legal conclusions that require no response. To the extent a response is required, Federal Defendants deny the allegations.

47. Federal Defendants lack information or knowledge sufficient to formulate a belief as to the truth of the allegations in the first sentence of Paragraph 47 and deny them on that basis. The allegations in the second sentence of Paragraph 47 purport to characterize the RFA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and regulations.

48. Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 48. The allegations in the fourth sentence of Paragraph 48 consist of characterizations of Plaintiffs' suit, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

49. Federal Defendants admit the allegations in the first and second sentences of Paragraph 49. The allegations in the third sentence of Paragraph 49 consist of characterizations of Plaintiffs' suit, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

50. Federal Defendants admit the allegations in the first and second sentences of Paragraph 50. The allegations in the third sentence of Paragraph 50 consist of characterizations of Plaintiffs' suit, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

51.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 51. The allegations in the third sentence of Paragraph 51 consist of characterizations of Plaintiffs' suit, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

52.     The allegations in Paragraph 52 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

53.     The allegations in Paragraph 53 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

54.     The allegations in Paragraph 54 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

55.     The allegations in Paragraph 55 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

56.     The allegations in Paragraph 56 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

57.     The allegations in Paragraph 57 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and regulations.

58.     The allegations in Paragraph 58 purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and regulations. Further, the allegations in the third sentence of Paragraph 58, through the citation in footnote 3, purport to characterize a 2018 article published by the Competitive Enterprise Institute, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the article.

59.     The allegations in Paragraph 59 purport to characterize the ESA and a final rule published at 88 Fed. Reg. 5796 (Jan. 30, 2023) titled "Civil Penalties; 2023 Inflation Adjustments for Civil Monetary Penalties," which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and rule.

60.     The allegations in Paragraph 60 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

61.     The allegations in Paragraph 61 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

62.     The allegations in Paragraph 62 purport to characterize the ESA and a 1973 Senate Committee Report, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and report.

63.     The allegations in Paragraph 63 purport to characterize a 1982 report published by the Congressional Research Service, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the report.

64.     The allegations in Paragraph 64 state legal conclusions and purport to characterize the ESA and a 1973 Senate Committee Report, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and report.

65.     The allegations in Paragraph 65 purport to characterize the ESA, a final rule published at 40 Fed. Reg. 44412 (Sept. 26, 1975) titled "Reclassification of the American Alligator and Other Amendments," and the ESA implementing regulations in effect in 2018, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and regulations.

66.     Federal Defendants deny the allegation in Paragraph 66 that "[t]his regulation was illegal." The remaining allegations in Paragraph 66 purport to characterize a 2015 article published in Pace Environmental Law Review and a final rule published at 84 Fed. Reg. 44753 (Aug. 27, 2019) titled "Endangered and Threatened Wildlife and Plants; Regulations for Prohibitions To Threatened Wildlife and Plants," which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the article and rule.

67.     Federal Defendants deny the allegation in the first sentence of Paragraph 67 that the "'blanket' approach" is illegal. The remaining allegations in Paragraph 67 purport to

characterize two 2022 legal decisions by the United States District Court for the Northern District of California and a 2022 decision by the United States Court of Appeals for the Ninth Circuit, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of those decisions.

68.     The allegations in Paragraph 68 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

69.     The allegations in Paragraph 69 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

70.     The allegations in Paragraph 70 purport to characterize the RFA and the Small Business Act, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statutes.

71.     The allegations in Paragraph 71 purport to characterize the RFA and the implementing regulations for the Small Business Act, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute and regulations.

72.     The allegations in Paragraph 72 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

73.     The allegations in Paragraph 73 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

74.     The allegations in Paragraph 74 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

75.     The allegations in Paragraph 75 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

76.     The allegations in Paragraph 76 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

77.     The allegations in Paragraph 77 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

78.     The allegations in Paragraph 78 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. § 500 *et seq.*, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

79.     The allegations in Paragraph 79 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

80.     The allegations in Paragraph 80 purport to characterize a final listing rule published at 87 Fed. Reg. 72674 (Nov. 25, 2022) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status With Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment" ("Final Rule"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Final Rule.

81.     The allegations in Paragraph 81 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Final Rule.

82.     The allegations in the first sentence of Paragraph 82 purport to characterize a proposed rule published at 86 Fed. Reg. 29432 (June 1, 2021) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status With Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment" ("Proposed Rule"), which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Proposed Rule. The allegations in the second sentence of Paragraph 82 and the first sentence of footnote 4 included therein purport to characterize a Western Association of Fish and Wildlife Agencies report, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the report. The allegations in the second sentence of footnote 4 included within Paragraph 82 are too vague and ambiguous to permit a response. To the extent a response is required, Federal Defendants deny the allegations. Federal Defendants further aver

that any observed increase in the lesser prairie-chicken populations from 2013-2018 is likely due to increased precipitation following a period of severe drought and that the best available scientific information indicates that the lesser prairie-chicken populations have experienced long-term population decreases, which are projected to continue.

83.     Federal Defendants admit the allegations in the first sentence of Paragraph 83. Federal Defendants deny the remaining allegations in Paragraph 83.

84.     The allegations in Paragraph 84 purport to characterize the Final Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Final Rule.

85.     The allegations in Paragraph 85 purport to characterize the Final Rule, the 4(d) Rule, and an ESA implementing regulation, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Final Rule, 4(d) Rule, and regulation.

86.     The allegations in the first sentence of Paragraph 86 purport to characterize the 4(d) Rule and the Final Rule, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule and Final Rule. The allegations in the second sentence of Paragraph 86 purport to characterize the 4(d) Rule and a final rule published at 84 Fed. Reg. 44753 (Aug. 27, 2019) titled "Endangered and Threatened Wildlife and Plants; Regulations for Prohibitions to Threatened Wildlife and Plants," which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the rules.

87.     The allegations in Paragraph 87 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

88.     The allegations in the first sentence of Paragraph 88 are too vague and ambiguous to permit a response. To the extent a response is required, Federal Defendants deny the allegations. The remaining allegations in Paragraph 88 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents, and state legal conclusions, which require no response. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

89.     The allegations in Paragraph 89 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents, and state legal conclusions, which require no response. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

90.     The allegations in Paragraph 90 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. Moreover, the allegations in Paragraph 90 are too vague and ambiguous to permit a response. To the extent a response is required, Federal Defendants deny the allegations.

91.     Federal Defendants deny the allegations in Paragraph 91.

92.     Federal Defendants deny the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

94.     Federal Defendants deny the allegations in the first, second, and third sentences of Paragraph 94.  Federal Defendants admit the allegations in the fourth sentence of Paragraph 94.

95.     The allegations in Paragraph 95 purport to characterize the Proposed Rule and the RFA, which speak for themselves and provide the best evidence of their contents, and state legal conclusions, which require no response. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Proposed Rule and the statute.

96.     The allegations in Paragraph 96 purport to characterize the contents of public comments, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the public comments.

97.     The allegations in Paragraph 97 purport to characterize the 4(d) Rule and the RFA, which speak for themselves and provide the best evidence of their contents, and state legal conclusions, which require no response. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule and statute.

98.     The allegations in Paragraph 98 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

99.     Federal Defendants admit the allegations in Paragraph 99 but aver that the effective date was delayed for both the Final Rule and the 4(d) Rule.

100.     The allegations in Paragraph 100 purport to characterize a final rule published at 88 Fed. Reg. 4087 (Jan. 24, 2023) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment; Delay of

Effective Date," which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the rule.

101.    The allegations in Paragraph 101 purport to characterize a final rule published at 88 Fed. Reg. 4087 (Jan. 24, 2023) titled "Endangered and Threatened Wildlife and Plants; Lesser Prairie-Chicken; Threatened Status with Section 4(d) Rule for the Northern Distinct Population Segment and Endangered Status for the Southern Distinct Population Segment; Delay of Effective Date," which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language, meaning, or context of the rule.

102.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 101 of the Answer.

103.    The allegations in Paragraph 103 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

104.    The allegations in Paragraph 104 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

105.    The allegations in Paragraph 105 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

106.    The allegations in Paragraph 106 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

107.     The allegations in Paragraph 107 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

108.    The allegations in Paragraph 108 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

109.    The allegations in Paragraph 109 consist of characterizations of the relief requested by the Plaintiffs, which require no response. To the extent a response is required, Federal Defendants deny that declaratory or injunctive relief is appropriate in this matter.

110.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 109 of the Answer.

111.    The allegations in Paragraph 111 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations in consistent with the plain language, meaning, or context of the statute.

112.    The allegations in Paragraph 112 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents, and state legal conclusions, which require no response. Federal Defendants deny any allegations in consistent with the plain language, meaning, or context of the statute.

113.    Federal Defendants deny the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 purport to characterize a 2015 legal decision by the United States Supreme Court, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the decision.

115.    Federal Defendants deny the allegations in Paragraph 115.

116.    The allegations in Paragraph 116 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

117.     The allegations in the first and second sentences of Paragraph 117 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. Federal Defendants deny the allegations in the third sentence of Paragraph 117.

118.     Federal Defendants deny the allegations in Paragraph 118.

119.     Federal Defendants deny the allegations in Paragraph 119.

120.     Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 119 of the Answer.

121.     The allegations in Paragraph 121 purport to characterize a 1983 legal decision by the United States Supreme Court, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the legal decision.

122.     The allegations in Paragraph 122 purport to characterize a 2015 legal decision by the United States Supreme Court, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the legal decision.

123.     The allegations in Paragraph 123 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule.

124.     The allegations in Paragraph 124 are vague and ambiguous and state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

125.   Federal Defendants deny the allegations in Paragraph 125.

126.   Federal Defendants deny the allegations in Paragraph 126.

127.   Federal Defendants deny the allegations in Paragraph 127.

128.   Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 127 of the Answer.

129.   The allegations in Paragraph 129 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

130.   The allegations in Paragraph 130 purport to characterize a 2022 legal decision by the United States Supreme Court, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the legal decision.

131.   The allegations in Paragraph 131 purport to characterize a 2022 legal decision by the United States Supreme Court, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the legal decision.

132.   Federal Defendants deny the allegations in Paragraph 132.

133.   The allegations in the first sentence of Paragraph 133 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The allegations in the second sentence of Paragraph 133 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

134.    The allegations in Paragraph 134 purport to characterize the 4(d) Rule and the ESA, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule and statute.

135.    Federal Defendants deny the allegations in Paragraph 135.

136.    Federal Defendants deny the allegations in Paragraph 136.

137.    Federal Defendants incorporate herein by reference the responses to each allegation set forth in Paragraphs 1 through 136 of the Answer.

138.    The allegations in Paragraph 138 purport to characterize the RFA, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the statute.

139.    The allegations in the first clause of the first sentence of Paragraph 139 purport to characterize the 4(d) Rule, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language, meaning, or context of the 4(d) Rule. The remaining allegations in Paragraph 139 state legal conclusions, which require no response. To the extent a response is required, Federal Defendants deny the allegations.

140.    Federal Defendants deny the allegations in Paragraph 140.

141.    Federal Defendants deny the allegations in Paragraph 141.

142.    Federal Defendants deny the allegations in Paragraph 142.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' prayer for relief, which requires no response. To the extent a response is required, Federal Defendants deny that they have violated

the Endangered Species Act, the Administrative Procedure Act, the Regulatory Flexibility Act, or any other law, and deny that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## <u>GENERAL DENIAL</u>

To the extent that any allegations of the Complaint have not been admitted or responded to, Federal Defendants deny any and all such allegations.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiffs fail to state a claim upon which relief can be granted.

2.     Federal Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

WHEREFORE, Federal Defendants pray that this Court dismiss Plaintiffs' Complaint, grant judgment in favor of Federal Defendants, and grant other such relief as the Court deems just and appropriate.

Respectfully submitted this 26th day of September, 2023,

TODD KIM, Assistant Attorney General
S. JAY GOVINDAN, Section Chief
NICOLE SMITH, Assistant Section Chief
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK
Trial Attorney
Maryland Bar No. 2112140244
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section

Ben Franklin Station
P. O. Box 7611
Washington, D.C. 20044
(202) 305-0269 (tel.)
(202) 305-0275 (fax)
caitlyn.cook@usdoj.gov

*Attorneys for Federal Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2023, I electronically filed the foregoing with the

Clerk of Court for the United States District Court for the District of Kansas by using the

CM/ECF system, which will serve a copy of the same on the counsel of record.

*/s/ Caitlyn F. Cook*
CAITLYN F. COOK

*Attorney for Federal Defendants*